UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LONGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: |
| | ) |
| OPENEVIDENCE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## APPLICATION TO APPOINT AN ARBITRATOR

### Introduction

1. Plaintiff James Longley submits this application pursuant to Section 5 of the Federal Arbitration Act (the "FAA"), 9 U.S.C.A. § 5, for the appointment of an arbitrator to preside over his claim under the Massachusetts Wage Act against his former employer, Defendant OpenEvidence, Inc. ("OpenEvidence" or the "Company").

2. As discussed below, this application does not call for the Court to identify a location for the arbitration, but instead only to appoint an arbitrator. It is the arbitrator's province to determine the location of the arbitration.

3. Mr. Longley requests the appointment of an arbitrator associated with JAMS in Boston, where he has filed his Demand for Arbitration. This arbitrator will then decide whether the arbitration should be conducted in Boston, where Mr. Longley contends it should take place (for many of the reasons he has set forth herein).

### Parties

4. Mr. Longley is an individual with a residential address at 14 Boardman Lane in Hamilton, Massachusetts. Mr. Longley resided at this Massachusetts address, which was his

1

principal office location, for the entire duration of his employment with OpenEvidence.

5.      OpenEvidence is a corporation organized under the laws of Delaware with its principal place of business at 215 NW 24th Street, 3rd Floor, Miami, Florida.

**Jurisdiction and Venue**

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over OpenEvidence pursuant to the Massachusetts long-arm statute, G.L. c. 223A, § 3, and consistent with the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. OpenEvidence is subject to personal jurisdiction in this Commonwealth because:

a.      At all times relevant to this action, OpenEvidence transacted business within the Commonwealth of Massachusetts within the meaning of G.L. c. 223A, § 3(a), including, without limitation, by employing Mr. Longley in Massachusetts, and directing and supervising work performed by employees within the Commonwealth;

b.      Mr. Longley was employed by OpenEvidence within Massachusetts throughout the period of his employment with the Company, and all of the conduct giving rise to the claim underlying this Application occurred within the Commonwealth;

c.      OpenEvidence purposefully availed itself of the privilege of conducting business in Massachusetts by, among other things, employing workers in Massachusetts, exercising control and supervision over employees performing work in Massachusetts, issuing wages and payroll to Massachusetts employees, and subjecting itself to the laws of the Commonwealth, including the Massachusetts Wage Act, G. L. c. 149, §§ 148, 148A &

150;

d.      Mr. Longley's claim for violations of the Massachusetts Wage Act arise directly out of and relate to the Company's employment of him in Massachusetts, such that there is a direct nexus between the Company's Massachusetts contacts and the claim asserted by Mr. Longley; and

e.      The exercise of personal jurisdiction over OpenEvidence in this forum comports with traditional notions of fair play and substantial justice. OpenEvidence employed Mr. Longley in Massachusetts; the conduct giving rise to his claims occurred in Massachusetts; his claims are governed exclusively by Massachusetts law; and he resides in Massachusetts. OpenEvidence is therefore on notice that its conduct in Massachusetts subjects it to suit in this forum, and it would not be unduly burdensome for it to litigate this matter in Massachusetts.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**The Agreement to Arbitrate**

9.      The Company issued to Mr. Longley an Offer Letter, dated May 8, 2025, a copy of which is filed herewith as Exhibit 1.

10.     The Offer Letter sets forth the terms and conditions of Mr. Longley's employment with the Company, including those concerning his compensation.

11.     The Offer Letter contains the following provision: "The resolution of any disputes under this letter will be governed by the laws of Delaware and shall be settled by private arbitration."

12.     Even though the arbitration provision provides for the application of Delaware law (without excluding Delaware conflicts of law principles), given that Mr. Longley resided in

Massachusetts, and that his home in Massachusetts was his principal office location, for the entire duration of his employment with OpenEvidence, the Massachusetts Wage Act applies to Mr. Longley's claim against the Company arising from the Company's late payments and non-payment of commissions. *See, e.g., Melia v. Zenhire, Inc.*, 462 Mass. 164, 165, 170, 173-74 (2012) ("The Wage Act proscribes 'special contracts' that exempt employers from its provisions. … A forum selection clause that, in operation, would deprive an employee of substantive rights guaranteed by the Wage Act violates public policy and is unenforceable.").

**Mr. Longley's Demand for Arbitration of his Wage Act Claim, Filed with JAMS in Boston**

13.    On June 2, 2026, Mr. Longley filed a Demand for Arbitration of his Wage Act claim (the "Wage Act Demand") with JAMS in Boston.  A copy of the Wage Act Demand is attached as Exhibit 2.

14.    By letter to JAMS dated June 29, 2026, OpenEvidence called for the dismissal of the Wage Act Demand, arguing that JAMS lacks jurisdiction to administer it.  *See* June 29, 2026 letter from OpenEvidence's counsel to JAMS, attached as Exhibit 3.

15.    OpenEvidence argues in its letter to JAMS that since the Offer Letter does not name any arbitrator or arbitration forum, such as JAMS or the American Arbitration Association (the "AAA"), to preside over the arbitration, the Wage Act Demand must be dismissed.

**Mr. Longley's Separate Demand for Arbitration for Breach of Stock Option Agreements, Filed with the AAA in Delaware**

16.    On June 15, 2026, Mr. Longley filed with the AAA in Delaware a Demand for Arbitration of his claims against OpenEvidence for breach of various stock option agreements (the "Stock Options Demand").  A copy of the Stock Options Demand is attached as Exhibit 4.

17.    Mr. Longley brought the Stock Options Demand in Delaware because the underlying stock option agreements provide for arbitration in Delaware.  The stock option

4

agreements, like the Offer Letter, do not specify any arbitration forum or arbitrator to conduct the arbitration.  (The stock option agreements provide that JAMS procedural rules will apply, but not that JAMS must administer the arbitration.) Mr. Longley filed with the AAA because JAMS does not have offices in Delaware. Also, he filed in Delaware only after and because OpenEvidence would not agree to arbitrate the claim in Massachusetts.

18.    In its June 29 letter to JAMS, OpenEvidence contends that the Wage Act Demand should be arbitrated in Delaware as a matter of efficiency and convenience. Notably, OpenEvidence "reserves all rights" with respect to a potential objection to the AAA as the forum for the arbitration of the Stock Options Demand. That OpenEvidence intends to frustrate Mr. Longley's ability to resolve his claims on the merits seems evident.

19.    Contrary to OpenEvidence's assertion, efficiency and convenience warrant separate arbitrations here, and that the Wage Act Demand be arbitrated in Massachusetts. Mr. Longley's Wage Act claim is far less fact-intensive than his claim for breach of the stock option agreements. The arbitration of the stock options claim will involve resolution of numerous factual disputes that are unnecessary to address in a proceeding over the relatively straightforward Wage Act claim. Thus, the Wage Act claim can be resolved far more expeditiously, consistent with a principal purpose of arbitration, than can the stock options claim.  Mr. Longley should not be forced to wait for what is likely to be an extended period – maybe a year or more – for the resolution of his stock option claim before his Wage Act claim is resolved.  Also, of course, OpenEvidence could have included in the Offer Letter a requirement that claims thereunder be arbitrated in Delaware had this been significant for the Company. It did not. Further, the Wage Act Demand should be arbitrated in Massachusetts given that Mr. Longley resides here, and was employed here by Open Evidence. OpenEvidence has no legitimate basis to complain about Massachusetts as a

location in these circumstances, especially where its legal counsel is located here.

**This Court Should Appoint an Arbitrator Pursuant to Section 5 of the FAA**

20.     The parties do not dispute that the Offer Letter requires arbitration of Mr. Longley's Wage Act claim. While the Offer Letter contains a choice of law provision (which does not operate to avoid application of the Massachusetts Wage Act), it does not identify an arbitrator or arbitration forum to preside over disputes, and does not identify a location for the arbitration.

21.     Section 5 of the FAA provides in full:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C.A. § 5.

22.     Here, the Offer Letter provides for arbitration but does not identify a method for appointing an arbitrator. Section 5 authorizes and requires the Court to fill this gap.

23.     Mr. Longley requests that the Court, pursuant to Section 5, appoint a single arbitrator associated with JAMS in Boston to preside over his Wage Act Demand. Appointing an arbitrator with JAMS in Boston is sensible where Mr. Longley has already filed his Wage Act Demand there, he resides in Massachusetts, the dispute involves his employment in Massachusetts, and his counsel and OpenEvidence's counsel are located in Massachusetts. Also, again, by appointing an arbitrator with JAMS in Boston, the Court leaves the ultimate decision of where the arbitration should be held to the arbitrator.  There is no legitimate countervailing argument to leave that decision to an arbitrator outside of JAMS in Boston.

24. JAMS's website identifies 25 neutrals associated with its Boston office. *See*: https://www.jamsadr.com/neutrals/search?filters=sm_neutral_all_location%3Ajams_boston. Mr. Longley submits that the Court should appoint any one of them or, alternatively, order the parties to negotiate in good faith to select one of them and, if they fail to agree, then the Court should appoint one of them.

25. Once an arbitrator is selected, the decision of where the arbitration should occur – which Mr. Longley contends should be Massachusetts – is a procedural issue for the arbitrator to decide. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 4 (1st Cir. 2004).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Longley respectfully requests that the Court either:

(a)    appoint a single arbitrator associated with JAMS in Boston to preside over his Wage Act Demand; or

(b)    order the parties to negotiate in good faith to select a single arbitrator associated with JAMS in Boston and, if they fail to agree, then the Court should appoint one of them; and

(c)    grant Mr. Longley such further relief as the Court deems just and proper.

JAMES LONGLEY

By his attorneys,

_____
Frank N. Gaeta (BBO No. 561388)
  fgaeta@richmaylaw.com
RICH MAY, P.C.
176 Federal Street
Boston, MA  02110
(617) 556-3800

Dated:  July 9, 2026