

Lyndsey Kruzer
T: +1 617 937 2415
lkruzer@cooley.com

**Via E-Mail and JAMS Access**

June 29, 2026

Mr. Christopher Brancato
Senior Arbitration Practice Specialist
JAMS Boston Mediation, Arbitration and ADR Services
One Boston Place
201 Washington Street, Suite 3300
Boston, MA 02108
cbrancato@jamsadr.com

**Re:    *Longley v. OpenEvidence Inc.,* JAMS Case No. 5400001434**

Dear Mr. Brancato:

We write regarding the above-referenced Demand for Arbitration and Statement of Claim purportedly filed by putative Claimant James Longley ("Longley") on June 2, 2026 (the "Demand"). We represent OpenEvidence Inc. ("OpenEvidence"). We submit this letter to notify JAMS that the Demand is improper, as there is no prima facie agreement to arbitrate before JAMS.

Simply put, JAMS lacks authority to administer this proceeding. In the Demand, Longley invokes the arbitration provision of the May 8, 2025 Offer Letter (the "Offer Letter") as the basis for this proceeding. *See* Demand ¶¶ 4–6. However, in the Offer Letter, the parties agreed that "[t]he resolution of any disputes under this letter will be governed by the laws of Delaware and shall be settled by private arbitration." *See* Offer Letter at 2 (a copy of which is attached to the Demand). They agreed to non-administered arbitration. They did not agree to arbitrate before JAMS or to use the JAMS Employment Arbitration Rules (the "Rules"). There is, accordingly, no basis for JAMS to administer this arbitration. We therefore request that the JAMS National Arbitration Committee decline to administer this proceeding and issue a ruling dismissing the Demand.

### I.    Factual Background.

On May 8, 2025, OpenEvidence hired Longley as Senior Vice President, Commercial, pursuant to the Offer Letter. His employment was terminated for cause on March 7, 2026. The Offer Letter's arbitration provision states in full: "[t]he resolution of any disputes under this letter will be governed by the laws of Delaware and shall be settled by private arbitration." Offer Letter at 2. The Offer Letter does not name JAMS or adopt the JAMS Employment Arbitration Rules.

# Cooley

Mr. Christopher Brancato
June 29, 2026
Page Two

On June 2, 2026, Claimant filed the Demand with JAMS asserting a claim under the Massachusetts Wage Act, despite having no contractual basis or other agreement between the parties for JAMS arbitration.[1]

## II.    JAMS Lacks Authority Because the Parties Did Not Agree to JAMS or the JAMS Employment Arbitration Rules.

The Offer Letter's arbitration provision provides in its entirety that "[t]he resolution of any disputes under this letter will be governed by the laws of Delaware and shall be settled by private arbitration."  Offer Letter at 2.  Arbitration is fundamentally a contractual construct—the language of the parties' agreement controls.  The parties agreed to non-administered arbitration—not to JAMS or the JAMS Employment Arbitration Rules.  That agreement is dispositive.  Absent a prima facie agreement to arbitrate before JAMS, or a subsequent agreement by the parties to submit disputes to JAMS, JAMS lacks authority to administer this proceeding.

The Rules reinforce this outcome.  Rule 1(b) provides that the Rules are only incorporated into the parties' arbitration agreement where the parties provided for (1) "Arbitration by JAMS under its Employment Rules" or (2) "Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of [Rule 1(a)]."  Neither condition is satisfied.  The parties provided for private, unadministered arbitration under Delaware law, not arbitration by JAMS or under the Rules.  Longley cannot manufacture an agreement to JAMS arbitration from a clause providing for "private arbitration."  When parties agree to arbitrate before JAMS, they designate JAMS expressly—these parties did not.  Rule 2(b) further confirms the point: where, as here, the parties' agreement provides for non-administered arbitration, JAMS may administer the arbitration if "the Parties . . . agree to modify that Agreement to provide that the Arbitration will be administered by JAMS and/or conducted in accordance with JAMS Rules."  The parties have made no such modification.

The identification of the arbitral institution, or absence of one, is an essential term of an arbitration agreement.  Accordingly, an award issued by an institution to which the parties never agreed to is subject to vacatur under Section 10(a)(4) of the Federal Arbitration Act, which permits vacatur where "the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4).  Courts consistently apply this principle.  *See Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*, 25 F.3d 223, 226 (4th Cir. 1994) ("Arbitration awards made by arbitrators not appointed under the method provided in the parties' contract must be vacated . . . ."); *I.S. Joseph Co., Inc. v. Michigan Sugar Co.*, 803 F.2d 396, 399 (8th Cir.1986) ("[A]ny power that the arbitrator has to resolve the dispute must find its source in a real agreement between the parties. He has no independent source of jurisdiction apart from the consent of the parties."); *see also Spineway SA v. Strategos Grp. LLC*, 2025 WL 842455, at *1–2 (3d Cir. Mar. 18, 2025) (affirming denial of confirmation of arbitration

---

[1] Longley also executed an Incentive Stock Option Agreement under the OpenEvidence, Inc. 2022 Stock Option and Grant Plan (the "Option Agreement").  Unlike the Offer Letter, the Option Agreement expressly requires arbitration before JAMS.  Notwithstanding that express agreement to JAMS arbitration, on June 15, 2026, Longley filed a separate demand under the Option Agreement before the American Arbitration Association ("AAA"), in derogation of that arbitration clause.  OpenEvidence reserves all rights with respect to that proceeding.



Mr. Christopher Brancato
June 29, 2026
Page Three

award under New York Convention where arbitral tribunal was not selected by the parties in their arbitration provision).  The institutional forum is not Longley's to select unilaterally.  Accordingly, if he wishes to arbitrate his wage claim, which OpenEvidence remains willing to do, he must commence arbitration in a manner consistent with the parties' agreement.  *See* Offer Letter at 2.

### III.    A Consolidated Delaware Proceeding is the Appropriate and Efficient Forum for the Disputes Between the Parties.

A consolidated Delaware proceeding is the most appropriate path forward.  Longley has filed a separate arbitration before the AAA in Delaware concerning his OpenEvidence stock options; that dispute arises from the same March 7, 2026 termination for cause and involves many of the same documents, facts, and witnesses.  *See* Demand ¶ 11.  OpenEvidence does not concede that the AAA proceeding is properly filed and reserves all rights with respect to it; it references that proceeding solely to highlight the inefficiency of maintaining parallel arbitrations for the parties' disputes.  Simultaneously maintaining separate arbitrations would impose duplicative costs on both parties and risk inconsistent rulings on overlapping factual issues.  A consolidated proceeding in Delaware is efficient, cost-effective for all parties, and consistent with the parties' agreement in the Offer Letter to private arbitration under Delaware law.  JAMS should decline to administer this proceeding and, thus, allow the parties to resolve their disputes in Delaware.

### IV.    Reservation of Rights.

By objecting to JAMS' administration of this proceeding, OpenEvidence does not submit to JAMS' jurisdiction, waive any right, defense, or objection, or concede that JAMS has authority to administer this proceeding.  OpenEvidence expressly reserves all rights, defenses, and remedies, including but not limited to its rights to contest any and all claims asserted against it in any forum and to assert its own claims as appropriate.  This letter does not constitute a response to the merits of any claim or allegation and shall not be construed as a waiver of any right to respond substantively, including asserting any defenses, affirmative defenses, counterclaims, or jurisdictional objections, in any forum in which OpenEvidence is properly required to do so.

* * * *

For the foregoing reasons, OpenEvidence respectfully requests that JAMS decline to administer this proceeding and issue a ruling dismissing the Demand.



Mr. Christopher Brancato
June 29, 2026
Page Four

Sincerely,

Lyndsey Kruzer
Lily R. Hall
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
lkruzer@cooley.com
lhall@cooley.com


cc:      Frank Gaeta (fgaeta@richmaylaw.com)